O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ALEJANDRO CARLOS DUARTE,<br><br>Debtor.<br><br>AMERICAN FIRST CREDIT UNION,<br><br>Appellant,<br>v.<br>ALEJANDRO CARLOS DUARTE,<br><br>Appellee. | Case No. 5:13-cv-905-ODW<br><br>Bankruptcy Case No. 6:10-bk-18489-MJ<br>Adversary Case No. 6:10-ap-1399-MJ<br><br>**ORDER** |

## I. INTRODUCTION

Appellant American First Credit Union appeals an order from the bankruptcy court discharging the debt owed them by Debtor Alejandro Carlos Duarte. Duarte's debt arose because of his default on his mortgage loan with American First. American First contends that the bankruptcy court erred in failing to hold that Duarte's debts are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B). As discussed below, the Court finds no error in the bankruptcy court's analysis and **AFFIRMS** the judgment below.[1]

---

[1] The Court notes that Duarte failed his answering brief on August 14, 2013, five weeks after the July 10, 2013 deadline. The Court is not required "to consider any memorandum or other document not filed within the deadline set by order or local rule." L.R. 7-12.

## II. JURISDICTION

This Court has jurisdiction to hear appeals for judgments, orders, and decrees entered in intra-district bankruptcy cases referred to them under 28 U.S.C. § 157. 28 U.S.C. § 158. The judgment in this adversary proceeding is final, and was entered in a bankruptcy proceeding within this District. Accordingly, the judgment is appealable to this Court under 28 U.S.C. § 158.

## III. BACKGROUND

In November 2007, Duarte applied for a residential mortgage loan with First American in the sum of $558,750. (Appellant's Br. 7.) This mortgage was for the purchase of a new home in Corona, California, for the purchase price of $620,863. (*Id.* 7–8.)

Duarte made his mortgage payments for almost 30 months after the closing of the property. (Mem. Decision After Trial on Compl. for Nondischargeability of Debt ["Decision"] 9.) Although some of Duarte's mortgage payments were late, it was paid current through April 2010. (*Id.* at 9–10.) Nevertheless, Duarte became unable to make the mortgage payments and received a modest loan modification prior to defaulting shortly thereafter. (*Id.* at 10.) Duarte filed his bankruptcy petition on March 24, 2010. (*Id.*) His property was foreclosed and eventually sold for $400,000. (*Id.*) After applying the mortgage-insurance payment of $150,000, the net loss to First American on the Duarte's mortgage was $73,841.13. (*Id.*)

First American filed an adversary proceeding against Duarte seeking to have his mortgage debt deemed nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B). After concluding a trial on the merits, the bankruptcy court found that First American had not shown by a preponderance of the evidence that Duarte's debts should be exempt from discharge under these statutes. This appeal followed.

## IV. ISSUES ON APPEAL

First American argues that the bankruptcy court erred by failing to hold that Duarte's debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B).

## V. LEGAL STANDARD

The question of whether a claim is excepted from discharge under § 523(a)(2) presents mixed issues of law and fact which this Court reviews de novo. *In re Diamond*, 285 F.3d 822, 826 (9th Cir. 2001). The bankruptcy court's conclusions of law are reviewed de novo and its findings of fact are reviewed for clear error. *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002). A court's factual determination is clearly erroneous if it is illogical or implausible, or if it lacks "support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 577 (1985)).

## VI. DISCUSSION

Section 523(a)(2)(A) provides that an individual debtor will not be discharged "from any debt . . . for money, property, services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud." To demonstrate that a debt should be exempt from discharge under § 523(a)(2)(A), a creditor must prove five elements: (1) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of the debtor's statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by her reliance on the debtor's statement or conduct. *In re Weinberg*, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009). The creditor must establish all five elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

Section 523(a)(2)(B) is very similar to § 523(a)(2)(A) except that it pertains to a statement in writing concerning a debtor's financial condition. The main difference between the two sections is that under § 523(a)(2)(B), reasonable reliance is required. *In re Candland*, 90 F.3d 1466, 1469 (9th Cir. 1996). Reasonable reliance is a higher bar than justifiable reliance; a creditor put on inquiry by a written statement has some duty to investigate the accuracy of the statement. *In re Gertsch*, 237 B.R. 160, 170

(B.A.P. 9th Cir. 1999). This duty to investigate does not require "detectives," but rather it should resemble the customary business practices of the industry. *Id.*

The Court agrees with the bankruptcy court's findings and analysis that First American failed to prove either one of its fraud theories under §§ 523(a)(2)(A) and 523(a)(2)(B). Notably, the bankruptcy court found that Duarte could not read English (Decision 3); his loan agent at First American assisted him in filing out the loan application and did not inquire nor require Duarte to prove certain financial metrics that First American now complains was deficient (*id.* at 8–9); Duarte did not make any oral or written material misrepresentations about his financial condition (e.g., First American only asked for gross income and did not ask for net income or business expenses) (*id.* at 4–9); Duarte did not lie about the source of the large sum of money residing in his bank account nor required him to maintain that balance (*id.* at 13); First American never asked for Duarte's tax returns (*id.* at 7–8); and Duarte's representations on the loan application reflected the corresponding financial figures filed in his tax returns (*id.* at 14). These findings support the conclusion that Duarte did not make any material misrepresentations in the course of obtaining his mortgage loan.

In addition to the lack of misrepresentation, the bankruptcy court also found that Duarte did not intend to deceive First American when he applied for the mortgage as evidenced by his 30-month servicing of the loan. (*Id.* at 16.) Finally, the bankruptcy court found that based on First American's mortgage-lending practices at the time, "no reliance by [First American] on the information in the written statements could have been reasonable." (*Id.* at 15).

/ / /
/ / /
/ / /
/ / /
/ / /

## VII. DISPOSITION

Accordingly, because Appellants did not show by a preponderance of the evidence that Duarte's debt should be exempt from discharge under §§ 523(a)(2)(A) and 523(a)(2)(B), the judgment of the bankruptcy court is **AFFIRMED**.

**IT IS SO ORDERED.**

August 14, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**